SAEILO MACHINERY, INC. *v.* MYERS, D.B.A. HERITAGE TOOL & MANUFACTURING.

(No. 85-CV-0252 — Decided April 17, 1985.)

Court of Common Pleas of Clermont County.

*William Walker,* for plaintiff.
*Robert Welch II,* for defendant.

RINGLAND, J. On March 15, 1985, plaintiff, Saeilo Machinery, Inc., filed its complaint in replevin and a motion for possession. A hearing was held on April 12, 1985 on the motion for possession, and on the motion to dismiss the complaint which defendant had filed on March 27.

The court shall first address the motion to dismiss. Defendant, Mark Myers, d.b.a. Heritage Tool & Manufacturing, contends that plaintiff is prohibited by R.C. 1703.29(A) from instituting the replevin action in a court in Ohio, arguing that plaintiff transacts business in the state of Ohio and has failed to procure a license required under R.C. 1703.03. On the other hand, plaintiff contends that it has done no more than engage in interstate commerce under the terms of R.C. 1703.02, which provides an exception to the foreign corporations' licensing requirements and to R.C. 1703.29(A).

The court, in consideration of the evidence presented at the hearing finds that plaintiff is indeed engaged in interstate commerce and that the exception contained in R.C. 1703.03 applies to plaintiff. R.C. 1703.02 in pertinent part provides:

"Sections 1703.01 to 1703.31, inclusive, of the Revised Code, do not apply to corporations engaged in this state solely in interstate commerce, including the installation, demonstration, or repair of machinery or equipment sold by them in interstate commerce * * *."

The evidence at the hearing showed

that plaintiff had entered into a preventative maintenance contract and repair contracts with the agent, Riley. Defendant asserts that this indicates that plaintiff was transacting business. The court finds however that the language of R.C. 1703.02, "or repair of machinery or equipment sold by them," contemplates contracts of the preventative sort as in the instant case, whereby a corporation participates in keeping the equipment sold at a functioning level.

As to the argument of defendant that plaintiff was engaged in the leasing of certain equipment in the state of Ohio and therefore was transacting business, the court finds that the weight of the evidence demonstrates that there were no such leases, as shown in the testimony of Mr. Brezowski, Mr. Konn and in Exhibit "B." The exhibit clearly indicated that plaintiff was a creditor rather than a lessor and the testimony of Konn, as counsel for plaintiff indicated in his memorandum of April 17, 1985, specifically refuted the existence of any lease agreements.

Further, while defendant suggests that the testimony of Brezowski that he had rented a machine from Saeilo showed the transacting of business on plaintiff's part, cross-examination of Brezowski revealed that communications were made with employees of Riley Machinery, the consignee.

As to the allegation that plaintiff's ownership of property in Ohio showed that Plaintiff transacts business, the court finds that the testimony of Konn revealed that plaintiff has "demonstration equipment" in Ohio, which the court finds to be contemplated as engaging in interstate commerce under R.C. 1703.02. The court further finds the keeping of a local office for demonstration purposes is also contemplated by that section, not taking a corporation into the realm of "transacting business."

In conclusion, the court finds the motion to dismiss not well-taken and it is overruled. Plaintiff has done no more in Ohio than engage in interstate commerce as contemplated by R.C. 1703.02, so that the licensing requirements and the prohibition against suit due to lack of the license do not apply.

Turning to the second motion, the motion for order of possession, the court is mindful that in order for the granting of this preliminary order to be proper, plaintiff need show probable cause that it is entitled to possession, i.e., it is likely to obtain judgment against defendant as a result of final hearing on the matter (R.C. 2737.01[C]).

In this case, the court finds that plaintiff has met its burden of demonstrating probable cause — that it is likely to succeed on the merits. As counsel for plaintiff aptly points out in his memorandum, defendant is not entitled to possession free of the imperfected security interest of plaintiff without a showing that it took as a buyer in the ordinary course of business, and that it took in good faith and without knowledge of the breach of the security interest or ownership rights of plaintiff. Essentially, defendant need demonstrate that it was a bona fide purchaser.

The testimony indicated that defendant knew prior to delivery that Saeilo claimed a security interest in a grinder which met the general description of the item being purchased. Immediately at delivery, plaintiff verified the identity of the grinder as that in which plaintiff possessed a security interest. Thus, the court finds that plaintiff is likely to prevail and has shown probable cause, the testimony indicating a general lack of good faith and the presence of notice on the part of defendant.

In granting the motion for order of possession, the court would additionally note that no hardship will result to

defendant by this order, given that the evidence revealed that the machine is in a state of disrepair rendering it unusable at this time.

The motion to dismiss is not well-taken and is overruled.

The motion for order of possession is well-taken and granted, probable cause having been demonstrated.

*Judgment accordingly.*